IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON HENDRIX, ) | **FILED** |
| ) | DECEMBER 28, 2007 |
| Plaintiff, ) | MICHAEL W. DOBBINS |
| ) | CLERK, U.S. DISTRICT COURT |
| v. ) | Case No. **07 C 7284** |
| ) | |
| UNKNOWN DEFENDANT OFFICERS, in their ) | |
| individual capacity; and the VILLAGE OF ) | Jury Demand **JUDGE PALLMEYER** |
| BARRINGTON, ILLINOIS ) | **MAGISTRATE JUDGE KEYS** |
| ) | |
| Defendants. ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, JASON HENDRIX, by and through his attorneys, Elliot Richardson & Associates, LLC, and alleges against the Defendants, UNKNOWN DEFENDANT OFFICERS and the VILLAGE OF BARRINGTON, IL, as follows:

### JURISDICTION

1.  The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, the Judicial Code, 28 U.S.C. §1331 and the Constitution of the United States.

### VENUE

2.  Venue is appropriate in the Northern District of Illinois pursuant to 28 U.S.C § 1391(b) as at least one of the Defendants resides in Cook County, located in this district.

## **PARTIES**

3.    The Plaintiff, Jason Hendrix, is, and at all times material to this Complaint was, a citizen of the United States.

4.    Unknown Defendant Officers were at all times material to this Complaint employed by the Village of Barrington Police Department. Unknown Defendant Officers were acting under color of law at all times relevant to this Complaint.

5.    The Village of Barrington is a municipal corporation, duly organized under the laws of the State of Illinois, and was at all times material to this action the employer of the Unknown Defendant Officers (hereinafter the "Defendant Officers").

## **FACTS COMMON TO ALL COUNTS**

6.    On or about October 18, 2007, Plaintiff, Jason Hendrix, and a friend traveled to Barrington, Illinois for a business-related purpose and to visit the owner of Starr Couture, a boutique located at or around 325 E. Main Street, Barrington, IL.

7.    While Plaintiff was outside said clothing store awaiting the owner's arrival, the Defendant Officers approached Plaintiff without warning or explanation.

8.    The Defendant Officers immediately threw Plaintiff up against the building and searched his person without consent or warning.

9.    At no time on the above-referenced date did Plaintiff commit any act and/or crime that would warrant his detention and/or the search of his person.

10.    On the above-referenced date, the Defendant Officers did not have

probable cause and/or a reasonable suspicion to believe that Plaintiff had on his person a weapon, drugs and/or any type of device or contrivance which was contrary to the laws of the State of Illinois.

.   11.   On the above-referenced date, Plaintiff did not engage in any activity that caused the Defendant Officers to believe that he was going to cause them imminent injury.

## COUNT I
### (42 U.S.C. §1983 Claim for Unreasonable Searches and Seizures)

12.   The Plaintiff hereby re-alleges and incorporates paragraphs one through eleven as though fully set forth in this Count.

13.   This Count is brought pursuant to 42 U.S.C. §1983 and the Constitution of the United States.

14.   As described in greater detail above, the Plaintiff was detained and searched by the Defendant Officers, even though said officers were devoid of any justifiable basis and lacked probable cause for said searches and seizures in violation of the Fourth Amendment of the United States Constitution.

15.   The aforementioned actions of the Defendant Officers proximately caused the Plaintiff to be deprived of his Fourth Amendment right to be free from unreasonable search and seizure lacking probable cause and caused him to be unlawfully searched and seized against his will.  This caused the Plaintiff to be damaged.

WHEREFORE, the Plaintiff, JASON HENDRIX, respectfully requests that this Honorable Court enter judgment in his favor and award him compensatory damages,

punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT II
**(State Claim of Willful and Wanton Conduct Against Unknown Defendant Officers)**

16. Plaintiff re-alleges, restates and incorporates paragraphs one through fifteen of this Complaint as if fully set forth herein.

17. At all times material and relevant, the Defendant Officers owed Plaintiff a duty to refrain from engaging in willful and wanton conduct during their interactions, including but not limited to, the Plaintiff's detention and bodily search.

18. Notwithstanding said duties, the Defendant Officers engaged in the following willful and wanton conduct:

   a. Detained Plaintiff in an unreasonable and unlawful manner;

   b. Searched Plaintiff's person absent any probable cause and/or reasonable suspicion; and

   c. Otherwise acted willfully and wantonly during their interactions with Plaintiff.

19. As a proximate result of the above-referenced conduct, Plaintiff sustained damages.

WHEREFORE, the Plaintiff, JASON HENDRIX, respectfully requests that this Honorable Court enter judgment in her favor and award her compensatory damages, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT V
### (State Law Claim - *Respondeat Superior* Claim Against the Village of Barrington)

20. The Plaintiff hereby re-alleges and incorporates paragraphs one through nineteen as though fully set forth in this Count.

21. The Defendant Officers were at all times relevant to this Complaint employees of the Village of Barrington, and discharged in the conduct complained of within the course and scope of their employment.

22. The Village of Barrington is and was at all times material to this Complaint the employer and principal of the Defendant Officers.

23. The above-referenced acts of the Defendant Officers were within the scope of their employment as officers with the Village of Barrington, and therefore the Village of Barrington, as the principal of the Defendant Officers, is liable for the actions of its agents under the doctrine of *respondeat superior.*

WHEREFORE, the Plaintiff, JASON HENDRIX, respectfully requests that this Honorable Court enter judgment in his favor and award him compensatory damages, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT VI
### (745 ILCS 10/9-102 Claim against the Village of Barrington)

24. The Plaintiff hereby re-alleges and incorporates paragraphs one through twenty-three as though fully set forth in this Count.

25. The Village of Barrington was at all times relevant to this Complaint charged with oversight of the Defendant Officers.

26.    The Village of Barrington was at all times relevant to this Complaint the employer and/or principal of the Defendant Officers.

27.    The Defendants committed the above-referenced acts under color of law and within the scope of their employment as employees of the Village of Barrington.

WHEREFORE, should the Defendants be found liable for the acts alleged in this Complaint, the Plaintiff demands that pursuant to 745 ILCS 10/9-102, the Village of Barrington pay any judgment obtained against Defendants in connection with this litigation and such other additional relief, as this Court deems equitable and just.

Respectfully Submitted,

/s/ Rachelle M. Sorg
One of Plaintiff's Attorneys

ELLIOT RICHARDSON & ASSOCIATES, LLC
20 S. Clark St., Suite 500
Chicago, IL  60603
P: (312) 676-2100
F: (312) 372-7076
ARDC No. 6287455
Date:  December 28, 2007