IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JASON HENDRIX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 07 C 7284 |
| | ) | |
| UNKNOWN DEFENDANT OFFICERS, in their | ) | Judge Pallmeyer |
| individual capacity; and the VILLAGE OF | ) | Magistrate Judge Keys |
| BARRINGTON, ILLINOIS, | ) | |
| | ) | JURY DEMAND |
| Defendants. | ) | |

**DEFENDANT, VILLAGE OF BARRINGTON, ILLINOIS',
ANSWER TO THE COMPLAINT AT LAW
AND AFFIRMATIVE DEFENSES**

Now comes the Defendant, VILLAGE OF BARRINGTON, ILLINOIS, by and through its attorneys, O'REILLY LAW OFFICES, LLC, and in answer to the Plaintiff's Complaint at Law, states as follows:

**JURISDICTION**

1.  The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, the Judicial Code, 28 U.S.C. § 1331 and the Constitution of the United States.

**ANSWER:**  The Defendant, VILLAGE OF BARRINGTON, ILLINOIS, admits the allegations contained in paragraph 1 of the Plaintiff's Complaint at Law.

**VENUE**

2.  Venue is appropriate in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) as at least one of the Defendants resides in Cook County, located in this district.

**ANSWER:**  The Defendant, VILLAGE OF BARRINGTON, ILLINOIS, admits the allegations contained in paragraph 2 of the Plaintiff's Complaint at Law.

## PARTIES

3. The Plaintiff, Jason Hendrix, is, and at all times material to the Complaint was, a citizen of the United States.

**ANSWER:** The Defendant, VILLAGE OF BARRINGTON, ILLINOIS, admits the allegations contained in paragraph 3 of the Plaintiff's Complaint at Law.

4. Unknown Defendant Officers were at all times material to this Complaint employed by the Village of Barrington Police Department. Unknown Defendant Officers were acting under color of law at all times relevant to this Complaint.

**ANSWER:** The Defendant, VILLAGE OF BARRINGTON, ILLINOIS, admits the allegations contained in paragraph 4 of the Plaintiff's Complaint at Law.

5. The Village of Barrington is a municipal corporation, duly organized under the laws of the State of Illinois, and was at all times material to this action the employer of the Unknown Defendant Officers (hereinafter the "Defendant Officers").

**ANSWER:** The Defendant, VILLAGE OF BARRINGTON, ILLINOIS, admits the allegations contained in paragraph 5 of the Plaintiff's Complaint at Law.

## FACTS COMMON TO ALL COUNTS

6. On or about October 18, 2007, Plaintiff, Jason Hendrix, and a friend traveled to Barrington, Illinois, for a business-related purpose and to visit the owner of Starr Couture, a boutique located at or around 325 E. Main Street, Barrington, Illinois.

**ANSWER:** The Defendant, VILLAGE OF BARRINGTON, ILLINOIS, has insufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 6 of the Plaintiff's Complaint at Law, therefore, it denies the same.

7.  While Plaintiff was outside said clothing store awaiting the owner's arrival, the Defendant Officers approached Plaintiff without warning or explanation.

**ANSWER:** The Defendant, VILLAGE OF BARRINGTON, ILLINOIS, denies each and every allegation contained in paragraph 7 of the Plaintiff's Complaint at Law.

8.  The Defendant Officers immediately threw Plaintiff up against the building and searched his person without consent or warning.

**ANSWER:** The Defendant, VILLAGE OF BARRINGTON, ILLINOIS, denies each and every allegation contained in paragraph 8 of the Plaintiff's Complaint at Law.

9.  At no time on the above-referenced date did Plaintiff commit any act and/or crime that would warrant his detention and/or the search of his person.

**ANSWER:** The Defendant, VILLAGE OF BARRINGTON, ILLINOIS, denies each and every allegation contained in paragraph 9 of the Plaintiff's Complaint at Law.

10.  On the above-referenced date, the Defendant Officers did not have probable cause and/or a reasonable suspicion to believe that Plaintiff had on his person a weapon, drugs, and/or any type of device or contrivance which was contrary to the laws of the State of Illinois.

**ANSWER:** The Defendant, VILLAGE OF BARRINGTON, ILLINOIS, denies each and every allegation contained in paragraph 10 of the Plaintiff's Complaint at Law.

11.  On the above-referenced date, Plaintiff did not engage in any activity that caused the Defendant Officers to believe that he was going to cause them imminent injury.

**ANSWER:** The Defendant, VILLAGE OF BARRINGTON, ILLINOIS, denies each and every allegation contained in paragraph 11 of the Plaintiff's Complaint at Law.

## COUNT I

### (42 U.S.C. § 1983 Claim for Unreasonable Searches and Seizures)

Count I of the Plaintiff's Complaint at Law is not directed against the Defendant, VILLAGE OF BARRINGTON, ILLINOIS, and therefore, said Defendant makes no answer thereto.

## COUNT II

### (State Claim of Willful and Wanton Conduct Against Unknown Defendant Officers)

Count II of the Plaintiff's Complaint at Law is not directed against the Defendant, VILLAGE OF BARRINGTON, ILLINOIS, and therefore, said Defendant makes no answer thereto.

## COUNT III ( MISNUMBERED AS COUNT V)

### (State Law Claim – *Respondeat Superior* Claim Against the Village of Barrington)

20. The Plaintiff hereby re-alleges and incorporates paragraphs one through nineteen as though fully set forth in this Count.

**ANSWER:** The Defendant, VILLAGE OF BARRINGTON, ILLINOIS, restates its answers to paragraphs 1 through 11 of the Plaintiff's Complaint at Law as its partial answer to paragraph 20 of Count III (misnumbered as Count V) of the Plaintiff's Complaint. This Defendant makes no answer to paragraphs 12 through 15 of Count I and paragraphs 16 through 19 of Count II of the Plaintiff's Complaint at Law in further response to paragraph 20 of Count III (misnumbered as Count V) of the Plaintiff's Complaint at Law as these allegations are not directed against it.

21.     The Defendant Officers were at all times relevant to this Complaint employees of the Village of Barrington, and discharged in the conduct complained of within the course and scope of their employment

**ANSWER:**     The Defendant, VILLAGE OF BARRINGTON, ILLINOIS, admits the allegations contained in paragraph 21 of Count III (misnumbered as Count V) of the Plaintiff's Complaint at Law.

22.     The Village of Barrington is and was at all times material to this Complaint the employer and principal of the Defendant Officers.

**ANSWER:**     The Defendant, VILLAGE OF BARRINGTON, ILLINOIS, admits the allegations contained in paragraph 22 of Count III (misnumbered as Count V) of the Plaintiff's Complaint at Law.

23.     The above-referenced acts of the Defendant Officers were within the scope of their employment as officers with the Village of Barrington, and therefore, the Village of Barrington, as the principal of the Defendant Officers, is liable for the actions of its agents under the doctrine of *respondeat superior*.

**ANSWER:**     The Defendant, VILLAGE OF BARRINGTON, ILLINOIS, admits the allegations contained in paragraph 23 of Count III (misnumbered as Count V) of the Plaintiff's Complaint at Law.

WHEREFORE, the Defendant, VILLAGE OF BARRINGTON, ILLINOIS, denies that the Plaintiff, JASON HENDRIX, is entitled to any relief whatsoever, and requests that the Plaintiff's Complaint at Law be dismissed with prejudice and with costs.

## COUNT IV (MISNUMBERED AS COUNT VI)

## (745 ILCS 10/9-102 Claim Against the Village of Barrington

24. The Plaintiff hereby re-alleges and incorporates paragraphs one through twenty-three as though fully set forth in this Count.

**ANSWER:** The Defendant, VILLAGE OF BARRINGTON, ILLINOIS, restates its answers to paragraphs 1 through 11 and paragraphs 20 to 23 of the Plaintiff's Complaint at Law as its partial answer to paragraph 24 of Count IV (misnumbered as Count VI) of the Plaintiff's Complaint at Law. This Defendant makes no answer to paragraphs 12 through 15 of Count I and paragraphs 16 through 19 of Count II of the Plaintiff's Complaint at Law in further response to paragraph 24 of Count IV (misnumbered as Count VI) of the Plaintiff's Complaint at Law as these allegations are not directed against it.

25. The Village of Barrington was at all times relevant to this Complaint charged with oversight of the Defendant Officers.

**ANSWER:** The Defendant, VILLAGE OF BARRINGTON, ILLINOIS, admits the allegations contained in paragraph 25 of Count IV (misnumbered as Count VI) of the Plaintiff's Complaint at Law.

26. The Village of Barrington was at all times relevant to this Complaint the employer and/or principal of the Defendant Officers.

**ANSWER:** The Defendant, VILLAGE OF BARRINGTON, ILLINOIS, admits the allegations contained in paragraph 26 of Count IV (misnumbered as Count VI) of the Plaintiff's Complaint at Law.

27. The Defendants committed the above-referenced acts under color of law and within the scope of their employment as employees of the Village of Barrington.

**ANSWER:** The Defendant, VILLAGE OF BARRINGTON, ILLINOIS, admits the allegations contained in paragraph 25 of Count IV (misnumbered as Count VI) of the Plaintiff's Complaint at Law.

WHEREFORE, the Defendant, VILLAGE OF BARRINGTON, ILLINOIS, denies that the Plaintiff, JASON HENDRIX, is entitled to any relief whatsoever, and requests that the Plaintiff's Complaint at Law be dismissed with prejudice and with costs.

## JURY DEMAND

The Defendant, VILLAGE OF BARRINGTON, ILLINOIS, demands trial by jury.

## AFFIRMATIVE DEFENSES

Now comes the Defendant, VILLAGE OF BARRINGTON, ILLINOIS, and for its Affirmative Defenses to the Plaintiff's Complaint at Law, states as follows:

## FIRST AFFIRMATIVE DEFENSE

Unknown Officers of the Village of Barrington have qualified immunity from liability under 42 U.S.C. § 1983 because they acted under the reasonable belief that their actions were within the scope of their official capacity and did not violate the Plaintiff's rights. The Defendant, VILLAGE OF BARRINGTON, ILLINOIS, cannot be held liable pursuant to 745 ILCS 10/9-102 or the doctrine of *respondeat superior* where its employee is not found to be liable.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a cause of action under 42 U.S.C. § 1983.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent that he failed to mitigate his damages.

**FOURTH AFFIRMATIVE DEFENSE**

Municipal entities are immune from liability for punitive damages under 42 U.S.C. § 1983.

                        Respectfully submitted,

                        O'REILLY LAW OFFICES, LLC

                        By:   /s/ Molly M. O'Reilly
                              Molly M. O'Reilly
                              O'REILLY LAW OFFICES, LLC
                              Attorneys for Defendant,
                               Village of Barrington, Illinois
                              1751 S. Naperville Rd., #101
                              Wheaton, IL  60187
                              Telephone:  630/665-4444
                              Attorney No. 06207408
                              mollyoreillylaw@yahoo.com

Dated:  March 11, 2008