IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON HENDRIX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. 07 CV 07284 |
| ) | |
| OFFICER KEN SARNI, in his individual capacity; ) | Judge Pallmeyer |
| OFFICER JENNIFER WHITCHER, in her individual ) | Magistrate Judge Keys |
| capacity; SERGEANT JIM YOST, in his individual ) | |
| capacity; and the VILLAGE OF BARRINGTON, ) | |
| ILLINOIS, ) | **JURY DEMAND** |
| ) | |
| Defendants. ) | |

## **DEFENDANTS' ANSWER TO THE SECOND AMENDED COMPLAINT AT LAW AND AFFIRMATIVE DEFENSES**

Now come the Defendants, OFFICER KEN SARNI, in his individual capacity, OFFICER JENNIFER WHITCHER, in her individual capacity; SERGEANT JIM YOST, in his individual capacity, and the VILLAGE OF BARRINGTON, ILLINOIS, by and through their attorneys, O'REILLY LAW OFFICES, LLC, and in answer to the Plaintiff's Second Amended Complaint at Law, state as follows:

### **JURISDICTION**

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1331 and the Constitution of the United States.

**ANSWER:** These Defendants admit the allegations contained in paragraph 1 of the Plaintiff's Second Amended Complaint at Law.

## **VENUE**

2.  Venue is appropriate in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) as at least one of the Defendants resides in Cook county, located in this district.

**ANSWER:** These Defendants admit the allegations contained in paragraph 2 of the Plaintiff's Second Amended Complaint at Law.

## **PARTIES**

3.  The Plaintiff, Jason Hendrix, is, and at all times material to this Complaint was, a citizen of the United States.

**ANSWER:** These Defendants admit the allegations contained in paragraph 3 of the Plaintiff's Second Amended Complaint at Law.

4.  Officer Ken Sarni was at all times material to this complaint employed by the Village of Barrington Police Department. Officer Ken Sarni was acting under color of law at all times relevant to this Complaint..

**ANSWER:** These Defendants admit the allegations contained in paragraph 4 of the Plaintiff's Second Amended Complaint at Law.

5.  Officer Jennifer Whitcher was at all times material to this Complaint employed by the Village of Barrington Police Department. Officer Jennifer Whitcher was acting under color of law at all times relevant to this Complaint.

**ANSWER:** These Defendants admit the allegations contained in paragraph 5 of the Plaintiff's Second Amended Complaint at Law.

6.  Sergeant Jim Yost was at all times material to this Complaint employed by the Village of Barrington Police Department. Sergeant Jim Yost was acting under color of law at all times relevant to this Complaint.

**ANSWER:**   These Defendants admit the allegations contained in paragraph 6 of the Plaintiff's Second Amended Complaint at Law.

7.  The Village of Barrington is a municipal corporation, duly organized under the laws of the State of Illinois, and was at all times material to this action the employer of Officer Ken Sarni, Officer Jennifer Whitcher, and Sergeant Jim Yost (hereinafter the "Defendant Officers").

**ANSWER:**   These Defendants admit the allegations contained in paragraph 7 of the Plaintiff's Second Amended Complaint at Law.

## FACTS COMMON TO ALL COUNTS

8.  On or about October 18, 2007, Plaintiff, Jason Hendrix, and a friend traveled to Barrington, Illinois, for a business-related purpose and to visit the owner of Starr Couture, a boutique located at or around 325 E. Main Street, Barrington, IL.

**ANSWER:**   These Defendants have insufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 8 of the Plaintiff's Second Amended Complaint at Law, therefore, they deny the same.

9.  While Plaintiff was outside said clothing store awaiting the owner's arrival, the Defendant officers approached Plaintiff without warning or explanation.

**ANSWER:**   These Defendants deny each and every allegation contained in paragraph 9 of the Plaintiff's Second Amended Complaint at Law.

10. The Defendant Officers immediately threw Plaintiff up against the building and searched his person without consent or warning.

**ANSWER:** These Defendants deny each and every allegation contained in paragraph 10 of the Plaintiff's Second Amended Complaint at Law.

11. At no time on the above-referenced date did Plaintiff commit any act and/or crime that would warrant his detention and/or the search of his person.

**ANSWER:** These Defendants deny each and every allegation contained in paragraph 11 of the Plaintiff's Second Amended Complaint at Law.

12. On the above-referenced date, the Defendant officers did not have probable cause and/or a reasonable suspicion to believe that Plaintiff had on his person a weapon, drugs and/or any type of device or contrivance, which was contrary to the laws of the State of Illinois.

**ANSWER:** These Defendants deny each and every allegation contained in paragraph 12 of the Plaintiff's Second Amended Complaint at Law.

13. On the above-referenced date, Plaintiff did not engage in any activity that caused the Defendant Officers to believe that he was going to cause them imminent injury.

**ANSWER:** These Defendants deny each and every allegation contained in paragraph 13 of the Plaintiff's Second Amended Complaint at Law.

## COUNT I

**(42 U.S.C. § 1983 Claim for Unreasonable Search and Seizure)**

14. The Plaintiff hereby re-alleges and incorporates paragraphs one through thirteen as though fully set forth in this Count.

**ANSWER:**  These Defendants restate their answers to paragraphs one through thirteen of Plaintiff's Second Amended Complaint at Law as their answer to paragraph 14 of Count I of Plaintiff's Second Amended Complaint at Law.

15.  This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

**ANSWER:**  These Defendants admit the allegations contained in paragraph 15 of Count I of the Plaintiff's Second Amended Complaint at Law.

16.  As described in greater detail above, the Plaintiff was detained and searched by the Defendant officers, even though said officers were devoid of any justifiable basis and lacked probable cause for said searches and seizures in violation of the Fourth Amendment of the United States Constitution.

**ANSWER:**  These Defendants deny each and every allegation contained in paragraph 16 of Count I of the Plaintiff's Second Amended Complaint at Law.

17.  The aforementioned actions of the Defendant Officers proximately caused the Plaintiff to be deprived of his Fourth Amendment right to be free from unreasonable search and seizure lacking probable cause and caused him to be unlawfully searched and seized against his will.  This caused the Plaintiff to be damaged.

**ANSWER:**  These Defendants deny each and every allegation contained in paragraph 17 of Count I of the Plaintiff's Second Amended Complaint at Law.

WHEREFORE, the Defendants, OFFICER KEN SARNI, in his individual capacity, OFFICER JENNIFER WHITCHER, in her individual capacity, and SERGEANT JIM YOST, in his individual capacity, deny that the Plaintiff, JASON HENDRIX, is entitled to any relief

whatsoever, and request that Count I of the Plaintiff's Second Amended Complaint at Law be dismissed with prejudice and with costs.

## COUNT II

### (Willful and Wanton Conduct – State Claim)

18. Plaintiff re-alleges, restates and incorporated paragraphs one through thirteen of this Complaint as if fully set forth herein.

**ANSWER:** These Defendants restate their answers to paragraphs one through thirteen of Plaintiff's Second Amended Complaint at Law as their answer to paragraph 18 of Count II of Plaintiff's Second Amended Complaint at Law.

19. At all times material and relevant, the Defendant Officers owed Plaintiff a duty to refrain from engaging in willful and wanton conduct during their interactions, including, but not limited to, the Plaintiff's detention and bodily search.

**ANSWER:** These Defendants deny that they engaged in willful and wanton conduct at any time relevant to the incidents recited in the Plaintiff's Second Amended Complaint at Law.

20. Notwithstanding said duties, the Defendant officers engaged in the following willful and wanton conduct:

    a. Detained Plaintiff in an unreasonable and unlawful manner;

    b. Searched Plaintiff's person absent any probable cause and/or reasonable suspicion; and

    c. Otherwise acted willfully and wantonly during their interactions with Plaintiff.

**ANSWER:** These Defendants deny each and every allegation contained in paragraph 20 of Count II of the Plaintiff's Second Amended Complaint at Law, including sub-paragraphs a. through c. inclusive thereof.

21.    As a proximate result of the above-referenced conduct, Plaintiff sustained damages.

**ANSWER:**    These Defendants deny each and every allegation contained in paragraph 21 of Count II of Plaintiff's Second Amended Complaint at Law.

WHEREFORE, the Defendants, OFFICER KEN SARNI, in his individual capacity, OFFICER JENNIFER WHITCHER, in her individual capacity and SERGEANT JIM YOST, in his individual capacity, deny that the Plaintiff, JASON HENDRIX, is entitled to any relief whatsoever, and request that Count II of the Plaintiff's Second Amended Complaint at Law be dismissed with prejudice and with costs.

## COUNT III

### (Assault and Battery – State Law Claim)

22.    Plaintiff re-alleges, restates and incorporates paragraphs one through thirteen of this Complaint as if fully set forth herein.

**ANSWER:** These Defendants restate their answers to paragraphs one through thirteen of Plaintiff's Second Amended Complaint at Law as their answer to paragraph 22 of Count II of Plaintiff's Second Amended Complaint at Law.

23.    The acts of the Defendant officers, as described above, were affirmative acts intended to cause an impermissible contact of a harmful and/or offensive nature to which Plaintiff did not consent, and thus constitute assault and battery under Illinois law.  Further, said acts directly and proximately caused the Plaintiff to be damages.

**ANSWER:**    These Defendants deny each and every allegation contained in paragraph 23 of Count III of the Plaintiff's Second Amended Complaint at Law.

WHEREFORE, the Defendants, OFFICER KEN SARNI, in his individual capacity, OFFICER JENNIFER WHITCHER, in her individual capacity, and SERGEANT JIM YOST, in his individual capacity, deny that the Plaintiff, JASON HENDRIX, is entitled to any relief whatsoever, and request that Count III of the Plaintiff's Second Amended Complaint at Law be dismissed with prejudice and with costs.

## COUNT IV

### (*Respondeat Superior* Claim Against the Village of Barrington – State Claim)

24. The Plaintiff hereby re-alleges and incorporates paragraphs one through thirteen and eighteen through twenty-three as though fully set forth in this Count.

**ANSWER:** These Defendants restate their answers to paragraphs one through thirteen and eighteen through twenty-three of Plaintiff's Second Amended Complaint at Law as their answer to paragraph 24 of Count II of Plaintiff's Second Amended Complaint at Law.

25. The Defendant Officers were at all times relevant to this Complaint employees of the Village of Barrington, and discharged in the conduct complained of within the course and scope of their employment.

**ANSWER:** These Defendants admit the allegations contained in paragraph 25 of Count IV of the Plaintiff's Second Amended Complaint at Law.

26. The Village of Barrington is and was at all times material to this Complaint the employer and principal of the Defendant Officers.

**ANSWER:** These Defendants admit the allegations contained in paragraph 26 of Count IV of the Plaintiff's Second Amended Complaint at Law.

27. The above-referenced acts of the Defendant officers were within the scope of their employment as officers with the Village of Barrington, and therefore, the Village of Barrington,

as the principal of the Defendant officers, is liable for the actions of its agents under the doctrine of *respondeat superior*.

**ANSWER:** These Defendants admit the allegations contained in paragraph 27 of Count IV of the Plaintiff's Second Amended Complaint at Law.

WHEREFORE, the Defendant, the VILLAGE OF BARRINGTON, ILLINOIS, denies that the Plaintiff, JASON HENDRIX, is entitled to any relief whatsoever, and requests that Count IV of the Plaintiff's Second Amended Complaint at Law be dismissed with prejudice and with costs.

## COUNT V

**(745 ILCS 10/9-102 Claim Against the Village of Barrington)**

28. The Plaintiff hereby re-alleges and incorporates paragraphs one through twenty-three as though fully set forth in this Count.

**ANSWER:** These Defendants restate their answers to paragraphs one through twenty-three of Plaintiff's Second Amended Complaint at Law as their answer to paragraph 28 of Count II of Plaintiff's Second Amended Complaint at Law.

29. The Village of Barrington was at all times relevant to this Complaint charged with oversight of the Defendant Officers.

**ANSWER:** These Defendants admit the allegations contained in paragraph 29 of Count V of the Plaintiff's Second Amended Complaint at Law.

30. The Village of Barrington was at all times relevant to this Complaint the employer and/or principal of the Defendant Officers.

**ANSWER:** These Defendants admit the allegations contained in paragraph 30 of Count V of the Plaintiff's Second Amended Complaint at Law.

31. The Defendants committee the above-referenced act s under color of law and within the scope of their employment as employees of the Village of Barrington.

**ANSWER:** These Defendants admit the allegations contained in paragraph 31 of Count V of the Plaintiff's Second Amended Complaint at Law.

WHEREFORE, the Defendant, the VILLAGE OF BARRINGTON, ILLINOIS, denies that the Plaintiff, JASON HENDRIX, is entitled to any relief whatsoever, and requests that Count V of the Plaintiff's Second Amended Complaint at Law be dismissed with prejudice and with costs.

## JURY DEMAND

The Defendants, OFFICER KEN SARNI, in his individual capacity, OFFICER JENNIFER WHITCHER, in her individual capacity, SERGEANT JIM YOST, in his individual capacity, and the VILLAGE OF BARRINGTON, ILLINOIS, demand trial by jury.

## AFFIRMATIVE DEFENSES

Now come the Defendants, OFFICER KEN SARNI, in his individual capacity, OFFICER JENNIFER WHITCHER, in her individual capacity; SERGEANT JIM YOST, in his individual capacity, and the VILLAGE OF BARRINGTON, ILLINOIS, and for their Affirmative Defenses to the Plaintiff's Second Amended Complaint at Law, state as follows:

## FIRST AFFIRMATIVE DEFENSE

Officer Ken Sarni, Officer Jennifer Whitcher, and Sergeant Jim Yost of the Village of Barrington have qualified immunity from liability under 42 U.S.C. § 1983 because they acted under the reasonable belief that their actions were within the scope of their official capacity and did not violate the Plaintiff's rights. The Defendant, Village of Barrington, cannot be held liable

pursuant to 745 ILCS 10/9-102 or the doctrine of *respondeat superior* where its employee is not found to be liable.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a cause of action under 42 U.S.C. § 1983.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that he failed to mitigate his damages.

## FOURTH AFFIRMATIVE DEFENSE

Municipal entities are immune from liability for punitive damages under 42 U.S.C. § 1983.

## FIFTH AFFIRMATIVE DEFENSE

1. At all relevant times herein, there was in effect the Local Governmental and Governmental Employee Tort Immunity Act, 745 ILCS 10/2-109.

2. Insofar as a municipality is not liable for an injury resulting from an act or omission of its employees where the employees are not liable, the Village of Barrington is entitled to immunity.

## SIXTH AFFIRMATIVE DEFENSE

1. At all relevant times herein, there was in effect the Local Governmental and Governmental Employee Tort Immunity Act, 745 ILCS 10/2-201 (West 1998).

2. Insofar as the Plaintiff's claim is predicated upon the determination of policy by a municipal employee, the Village of Barrington is entitled to immunity.

## SEVENTH AFFIRMATIVE DEFENSE

1. At all relevant times herein, there was in effect the Local Governmental and Governmental Employee Tort Immunity Act, 745 ILCS 10/2-202.

2.     Insofar as a public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct, the Village of Barrington is entitled to immunity.

## EIGHTH AFFIRMATIVE DEFENSE

Municipal entities are immune from liability for punitive damages under 42 U.S.C. § 1983.

>                            Respectfully submitted,
>
>                            O'REILLY LAW OFFICES, LLC
>
>
>                            By:   /s/ Molly M. O'Reilly
>                                  Molly M. O'Reilly
>                                  O'REILLY LAW OFFICES, LLC
>                                  Attorneys for Defendants
>                                  1751 S. Naperville Rd., #101
>                                  Wheaton, IL  60187
>                                  Telephone:  630/665-4444
>                                  Attorney No. 6207408

Dated:   June 5, 2008